## No. 5858.

## J. C. KIMBROUGH *v.* THE STATE.

PERMITTING GAMING—FACT CASE.—See the opinion and the statement of the case for the substance of evidence *held* insufficient to support a conviction for permitting a game of monte to be played in a house under the control of the defendant.

APPEAL from the County Court of Williamson. Tried below before the Hon. W. M. Key, County Judge.

The opinion states the nature of the case. The penalty imposed by the verdict was a fine of twenty-five dollars.

The proof for the State showed conclusively that the game of monte was played in a house owned jointly by the defendant and one Hardeman, at the time alleged in the indictment. The proof for the defense was equally conclusive that the said house, at that time, was in the possession and under the exclusive control of one Holcombe, who occupied the same under a written lease executed by the defendant and the said Hardeman.

No brief for the appellant.

*W. L. Davidson,* Assistant Attorney General, for the State.

WILLSON, JUDGE. It is charged in the indictment that the defendant permitted the game of monte "to be played in a house under his control." We are of the opinion that the evidence does not sustain this charge. At the time the game of monte was played in the house in question, said house was in the possession and under the control of one Holcombe, he having rented the same from Hardeman and defendant, to whom it belonged. Holcombe occupied the house, carried the keys of it, and had the complete and sole control of it. Such is the uncontradicted evidence before us. There is no evidence whatever that, at the time the game of monte was played in the house, the defendant had any control, or any right to control the house.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*